Thompson v. Mumma.

## THOMPSON v. MUMMA.

1. **Criminal law:** ASSAULT AND BATTERY. Angry words are no justification for an assault and battery; neither is it unlawful for a party in possession of premises to forbid an angry person coming thereon.

*Appeal from Boone District Court.*

### THURSDAY, JUNE 28.

An action to recover damages for an assault and battery. The defendant was the successful party and plaintiff appeals.

*Lowrie* and *Ellwood* for the appellant.

*Mitchell* for the appellee.

LOWE, Ch. J. — The case reveals a bad record for the defense, and seems to have terminated in a manner adverse to the demands of justice. The plaintiff asks for a new trial, alleging that the verdict of the jury was against the evidence. But we cannot say that there was error in refusing it for this cause, because it

1. CRIMINAL LAW: assault and battery.

does not appear from the record that all the evidence is before us. The statement in the bill of exceptions is, that it contains all that was material for the trial of the cause. This, agreeably to our past rulings, is insufficient to justify an interference for that cause; but we think, nevertheless, the evidence set forth in the exceptions sufficiently full in this case to enable us safely to pass upon the correctness of the court's charge to the jury to which exceptions were also taken.

The substance of the testimony as reported is as follows: Angry words between the parties preceded the assault and battery, during which the plaintiff, being upon the porch of his own house, forbade the defendant to come upon his premises. The defendant in an angry manner advanced upon the plaintiff, who then raised a chair, but did not strike with the same; defendant wrenched the chair from plaintiff; struck or threw him to the floor; beat and wounded him in the face; left him, and after he got into the street, plaintiff threw a small inkstand at him. Defendant returned, beat and bruised him severely a second time. His shoulder was discolated. He was confined two or three days to his bed as a consequence of his injuries, during which his physician charged him $50 for medical attendance, &c.

In this state of case, as shown by the evidence, the court, among other things, charged the jury as follows:

"The law does not permit a person to provoke an assault by angry words, and hostile demonstrations, or in forbidding a person coming on his premises when there is no evidence that the person intended to come upon the premises; much less will the law under such circumstances, permit one to raise a chair within striking distance, or to throw an inkstand at another without cause or provocation."

Angry words are no justification for an assault and battery, as this charge would seem to imply; nor is it unlawful

to forbid an angry man coming on your premises. This is not the law in such cases, and was well calculated to mislead the jury.

What is said about the chair and inkstand as applicable to the evidence in this case, tended, as it seems to us, to make the impression upon the jury, that the one had been raised, the other thrown, without any provocation.

There are still other portions of the charge open to this same kind of criticism, which we need not stop to specify. We cannot but feel that the rights of the plaintiff have been unduly prejudiced in the manner in which the law of the case was given to the jury, and will therefore reverse the judgment, and remand the cause for a new trial.

Reversed.